**In re DATAVON, INC., Debtors.**

**No. 02–38600–SAF–11.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Oct. 17, 2003.

David M. Bennett, Thompson and Knight, Dallas, Robert G. Cass, Tulsa, OK, John Mark Chevallier, McGuire, Craddock and Strother, Dallas, Joseph F. Cleveland, Jr., Brackett and Ellis, Ft. Worth, Thomas A. Connop, Locke Purnell Rain Harrell, Dallas, TX, C. Wade Cooper, Jackson Walker, Austin, TX, Stephanie D. Curtis, Dallas, TX, Jennifer L. Davis, McGlinchey Stafford, Houston, TX, Brian E. Doucette, Bialson, Bergen and Schwab, Palo Alto, CA, Elizabeth K. Flaagan, Denver, CO, Robert P. Franke, Strasburger and Price, L.L.P., Dallas, TX, Stephen A. Goodwin, Carrington, Coleman, Sloman and Blumenthal, Dallas, TX, Sherrel K. Knighton, Linebarger, Goggan, Blair and Sampson, Dallas, TX, Darryl S. Laddin, Arnall, Golden and Gregory, Atlanta, GA, Suzanne Crawford Leslie, Dallas, TX, Michael P. Massad, Jr., Hunton & Williams, Dallas, TX, Craig H. Millet, Gibson, Dunn and Crutcher, Irvine, CA, Russell W. Mills, Hiersche, Hayward, Drakeley & Urbach, Addison, Drue A. Moore, Raleigh, NC, Elliot D. Schuler, Baker and McKenzie, Dallas, TX, Mabel M. Simpson, M.M. Simpson and Associates, Richardson, TX, Claude D. Smith, The Curtis Law Firm, PLLC, Dallas, TX, James P. Smith, Mason, GA, Warren H. Smith, Warren H. Smith and Associates, PC, Dallas, TX, Scott Charles Tankersley, I, Locke, Purnell, Rain, Harrell, Dallas, TX, Clay M. Taylor, Settle and Pou, Dallas, TX, Patricia B. Tomasco, Brown McCarroll, Austin, TX, Stephanie J. Ward, Brown McCarroll, Austin, TX, Paul C. Webb, Shackelford, Melton and McKinley, LLP, Dallas, TX, Elizabeth Weller, Linebarger, Goggan, Blair et al, Dallas, TX, Laura L. Worsham, Jones, Allen and Fuquay, Dallas, TX, for Creditors.

Matthew J. Cleaves, Hughes and Luce, Dallas, TX, Jeffrey R. Fine, Hughes and Luce, Dallas, TX, Daniel I. Morenoff, Hughes and Luce, Dallas, TX, for Debtors.

Michelle E. Shriro, Gerard, Singer, Levick & Busch, P.C., Addison, TX, for Creditor Committee.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Teton Enterprises, Inc., moves the court for an administrative expense of $22,917.10

for its attorney's fees and expenses under 11 U.S.C. § 503(b)(4). The debtor, the official committee of unsecured creditors and the court-appointed expert, William Snyder, support the application. M.M. Simpson & Associates, P.C., and Hugh Simpson oppose the motion. The court conducted a hearing on the motion on September 24, 2003.

The determination of an administrative expense to be paid by a bankruptcy estate constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(A), (B), (O) and 1334. This memorandum opinion contains the court's findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

■■■ Section 503(b) of the Bankruptcy Code provides that, after notice and a hearing, the court shall allow as administrative expenses the actual, necessary expenses incurred by a creditor in making a "substantial contribution" in a Chapter 11 case. In addition, the court shall allow reasonable compensation for the creditor's attorney in making the substantial contribution. 11 U.S.C. § 503(b)(3)(D) and (b)(4). Services that make a substantial contribution are those which "'foster and enhance, rather than retard or interrupt the progress of reorganization.'" *In re DP Partners Ltd. P'ship*, 106 F.3d 667, 672 (5th Cir.1997)(quoting *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir.1986)). "[T]he phrase 'substantial contribution' in section 503 means a contribution that is 'considerable in amount, value or worth.'" *Id.* at 673 (quoting *Webster's Third New International Dictionary* 2280 (4th Ed.1976)). The court should not diminish the benefits conferred, if any, by the creditor's motivation. But the court, on a case by case basis, must "weigh the cost of the claimed fees and expenses against the benefits con-

ferred upon the estate which flow directly from those actions." *Id.*

Teton does not request, under § 503(b)(3)(D), recovery of its expenses or those of its principal, Henry Jordan. Jordan has substantial knowledge of the debtor and its business. Jordan served as a member of the bid selection committee, and otherwise actively participated in the case. Counsel for the debtor stated that Jordan made a substantial contribution to achieving a successful sale with a return to the creditors. Snyder, the court-appointed expert responsible for conducting the sale, stated that Jordan's business knowledge was instrumental to the sale process. Counsel represented Jordan and assisted Jordan in providing these benefits. Teton limits its request to recovery of its attorney's fees under § 503(b)(4).

■ Simpson argues that if Teton conferred a benefit to the estate, it did so through the services of its principal, not through its attorneys. However, § 503 does not require that the creditor recover its other expenses in order for its attorney's fees to be paid by the estate. Rather, the creditor must establish that it made a substantial contribution under § 503(b)(3)(D). If it establishes that it made a substantial contribution, then it may recover reasonable compensation for its attorney whose services were rendered in providing the substantial contribution. 11 U.S.C. §§ 503(b)(3)(D) and (b)(4). Teton has met that test.

■ Teton requests compensation for its attorney's fees for work done in five categories: (1) formation of the creditors committee, (2) work contesting the employee retention plan, (3) participation in the bidding process, (4) negotiation with creditors over claims, and (5) involvement in the plan process. The debtor, the committee and the court-appointed expert all

stated that Teton conferred a substantial benefit to the estate because of its counsel's work in these categories, with the benefits to the estate outweighing the fees incurred. Counsel for the debtor, counsel for the committee and Snyder each explained the benefits to the estate by the work of Jordan and Teton's counsel in each of these categories.

Simpson argues, however, that work on the bid process, negotiations with creditors and plan process benefitted Teton as a creditor and was done for Teton's benefit, not for the estate. As explained above, the motive behind the creditor's actions does not diminish the benefit of those actions for the estate. Teton only requests reimbursement of its attorney's fees for the specified categories of work. Teton incurred additional attorney's fees related to representation of Teton in this case, but Teton does not contend that those additional fees would be subject to an award of administrative expense.

 Simpson does not contend that the time spent on the specified projects was not reasonable, nor that counsel's hourly rates are not consistent with those customarily charged in the community for similarly experienced attorneys. The fees requested are therefore reasonable under a lodestar analysis. Section 503(b)(4) codifies the criteria for determining reimburseable compensation. The criteria define a federal standard for reasonableness. *See In re Hudson Shipbuilders, Inc.,* 794 F.2d at 1051, 1056 (5th Cir.1986). To determine reasonableness under the Bankruptcy Code, the court must consider these factors, *Hudson Shipbuilders,* 794 F.2d at 1058, which are substantially incorporated into the lodestar analysis. Generally, the lodestar is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933,

76 L.Ed.2d 40 (1983). Applying the lodestar analysis, the court finds the fees for these categories of work reasonable under § 503(b)(4).

 Simpson further argues that Teton must be estopped from requesting an award of administrative expenses because the court-approved disclosure statement does not disclose that Teton would request such an award. In bankruptcy cases, courts have applied estoppel doctrines with the doctrine of res judicata to bar or limit non-disclosed causes of action. *See, e.g., Eubanks v. F.D.I.C.,* 977 F.2d 166 (5th Cir.1992); *Mickey's Enters., Inc. v. Saturday Sales, Inc.,* 165 B.R. 188 (Bankr.W.D.Tex.1994). These cases involve non-disclosure of causes of action against creditors who are being asked to approve a plan of reorganization. Sections 1123 and 1125 of the Bankruptcy Code require that the debtor make a candid and forthright disclosure of its assets to foster an efficient and fully informed confirmation process. However, neither § 1123 nor § 1125 expressly commands that a claim for relief or causes of action be disclosed to be preserved or immune from the application of an estoppel defense. No other provision of the Bankruptcy Code expressly commands that result. Where Congress legislates a standard (adequate information) for judicial application rather than a command (failure to expressly and unambiguously disclose claims against creditors shall bar post confirmation litigation), courts must apply the disclosure standard with considerable caution. The court therefore questions whether the case law should be extended to preclude a request for an administrative expense if not disclosed in a disclosure statement. However, if preserved with adequate disclosure, the doctrines should not apply. *See Eubanks,* 977 F.2d at 173 (preservation of claims belonging to the debtor in the con-

**124**

text of confirmation makes the doctrine of res judicata inapplicable). "Even where there is an identity of claims, the doctrine of res judicata does not bar the second action unless the plaintiff could or should have brought its claim in the former proceeding." *Id.* Preservation likewise precludes judicial and equitable estoppel.

Counsel for the creditors committee observes, however, that the disclosure statement provides that administrative claims are not classified under the debtor's plan of reorganization and that § 503 of the Bankruptcy Code establishes the categories of claims that are treated as administrative claims. The order confirming the Chapter 11 plan was entered on June 6, 2003.

■ The disclosure statement, filed February 28, 2003, disclosed that Teton and Datavon were engaged in an appeal of a lawsuit between the two entities. It further discloses that Teton and Datavon reached a settlement and that a motion to approve the settlement pursuant to Rule 9019 would be filed with the court by February 28, 2003. The 9019 motion was filed on February 28 and approved by the court by an order entered on June 20, 2003. Teton's administrative expense claim for its attorney's fees based on substantial contribution was preserved in the settlement agreement. Because the settlement agreement, which addressed Teton's intention to claim administrative expenses for substantial contribution, was referenced in the disclosure statement, in the 9019 motion, and before confirmation of the plan, Teton timely raised its claim in the context of the confirmation proceedings. In the June 20, 2003, order approving the settlement agreement, the court ordered that "Teton will not retain additional claims of any kind against Datavon, or the other Debtors, provided, however, Teton may file claims for substantial con-

tribution and the Debtors, Liquidating Trust and all parties retain defenses, if any, to such claims."

Teton's administrative expense claim for certain of its attorney's fees was preserved in the context of confirmation proceedings; thus, the doctrines of res judicata, judicial and equitable estoppel are inapplicable.

Based on the foregoing,

**IT IS ORDERED** that the motion for an award of administrative expense is **GRANTED**.